IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTISHA RANSOM, #0342185,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:15-CV-0979-D-BK |
| JUDGE JENNIFER BALIDO, et al.,<br>　　　　Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *pro se c*omplaint under 42 U.S.C. § 1983 was automatically referred to the United States Magistrate Judge. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff, a Tarrant County Jail inmate, files this civil rights action against Dallas County District Judge Jennifer Balido, Attorney Edwin J. Youngblood, and Child Protective Services (CPS). [Doc. 3 at 1, 3]. She asserts the Defendants abridged her First Amendment rights in connection with a June 19, 2010 hearing to terminate parental rights conducted in Fort Worth, Texas. [Doc. 3 at 4]. Plaintiff maintains that her defense counsel, Youngblood, and Judge Balido denied her right to appear at the June 2010 hearing because she was incarcerated at the Dallas County Jail. [Doc. 3 at 4]. Plaintiff also states that CPS never contacted her or tried to talk to her before terminating her parental rights, and that she does not know whether her "child is alive or dead." [Doc. 3 at 4]. Plaintiff requests monetary damages for "pain and suffering." [Doc. 3 at 4].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint fails to state a claim on which relief may be granted.

Plaintiff's claims are time barred. She alleges the events at issue occurred on June 19, 2010 [Doc. 3 at 4], so the deadline for filing suit was June 19, 2012. However, March 19, 2015, is the earliest possible date on which Plaintiff's complaint can be deemed filed.[1] Thus, more than two years have elapsed since the events giving rise to Plaintiff's claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can

---

[1] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff signed the complaint and motion to proceed *in forma pauperis*, and most probably submitted them to prison officials for mailing, on March 19, 2015. [Doc. 3 at 5; Doc. 4 at 2].

raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2015).

Plaintiff cannot demonstrate that she is entitled to equitable tolling of the limitations period as the result of a "legal disability."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2015) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind.").  Her imprisonment does not provide a basis to toll the statute of limitations under Texas law.  *See Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998).  Accordingly, Plaintiff's complaint fails to state a claim to relief that is plausible on its face.  *See Twombly,* 550 U.S. at 570; *Jones v. Bock,* 549 U.S. 199, 215 (2007) (when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  *See Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'").  Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

SIGNED April 2, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."